UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** <br><br> v. <br><br> **JUNIOUS PLUMMER,** <br><br> Defendant. | Case No. 24-CR-00294 (RBW) |

## GOVERNMENT'S SENTENCING MEMORANDUM

Mr. Plummer comes before this Court for sentencing for three armed carjackings in which he assaulted or threatened multiple victims over the course of several months. During the course of these carjackings Mr. Plummer beat or otherwise threatened members of our community, causing them to fear for their lives. Mr. Plummer does not have an extensive criminal history, though his sole prior conviction involves a violent robbery. Mr. Plummer's behavior is somewhat mitigated by his drug addiction and the support of his family. At the same time, a significant term of incarceration is warranted for his repetitive violent conduct. For the following reasons, the Government recommends a sentence of ten years of incarceration followed by three years of supervised release.

## BACKGROUND

### *The Convicted Offenses*

Mr. Plummer has pled guilty to the offense of Brandishing a Firearm During a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), in relation to three different armed carjackings on August 11, October 18, and December 18, 2023.

### *The August 11, 2023 Armed Carjacking*

On August 11, 2023, at approximately 7:30 AM, Mr. Junious Plummer approached two

men sleeping in a blue 2005 Hyundai Elantra (MD license plate 37907CF and VIN KMHDN46D05U964713), parked in a parking lot on the east side of 3905 Dix Street Northeast. Mr. Plummer opened the driver's door holding a black handgun and demanded that the individual in the driver's seat (R.D.) get out of the vehicle. R.D. tried to close the door, but in response, Mr. Plummer struck him in the head with the black handgun. Mr. Plummer then ordered the individual in the passenger seat (A.M.) out of the vehicle. Mr. Plummer proceeded to take the vehicle and drive away, with R.D.'s phone still in the car.

### October 18, 2023 Carjacking

On October 18, 2023, Mr. Plummer approached a white 2007 Toyota Camry (MD License Plate 6CFP27; VIN 4T1BE46K77U570165, as its owner was refueling it at the Exxon Gas Station located at 4100 Hunt Place NE, Washington, D.C. The owner of the vehicle was finishing pumping his gas when Mr. Plummer approached him and brandished a silver revolver. Mr. Plummer demanded the individual's keys. When the individual hesitated, Mr. Plummer struck him in the head with the revolver, causing the individual to drop his keys and phone. Mr. Plummer retrieved the keys and phone, entered the vehicle, and drove it away. In addition to the vehicle, Mr. Plummer stole a blue Apple iPhone 14, a pair of Apple AirPods, and keys.

### The October 30, 2023 Gun Possession Offense

On October 30, 2023, Mr. Plummer was found to be in possession of a black Charter Arms .357 revolver loaded with five rounds of ammunition.

### The December 18, 2023 Armed Carjacking

On December 18, 2023, Mr. Plummer and another individual approached a woman in the parking garage of her apartment at 4020 Minnesota Avenue Northeast Washington, D.C, as she

2

was getting into her black 2014 Chrysler 300 (MD License Plate 2GA0726; VIN 2C3CCARG0EH381494). One of the two men was armed with a rifle-style firearm. Mr. Plummer and his accomplice demanded the woman's keys and tried to force her to the ground. The suspect with the gun placed the gun against her side and head and asked for the keys again. The woman advised Mr. Plummer and his accomplice that that the keys were in the vehicle. Mr. Plummer and his accomplice then entered the car and drove away.

Shortly afterwards, Mr. Plummer and his accomplice used the woman's payments cards to make purchases at a gas station, Target, and Walmart, all located in Maryland.

## LEGAL FRAMEWORK

Although the Sentencing Guidelines are advisory, under *United States v. Booker*, a sentencing court "must consult those Guidelines and take them into account when sentencing." 543 U.S. 220, 264 (2005); *United States v. Brown*, 892 F.3d 385, 399 (D.C. Cir. 2018). The Supreme Court has noted that while the Guidelines provide "the starting point and the initial benchmark" for sentencing, the district court should consider all the § 3553(a) factors. *Gall v. United States*, 552 U.S. 38, 49–50 (2007). The Guidelines' recommended sentencing range will ordinarily "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough v. United States*, 552 U.S. 85, 108–09 (2007).

The listed factors in 18 U.S.C. § 3553(a) include the following:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed –
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and

>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established for –
> > (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines –
> > > (i) issued by the Sentencing Commission . . .; and
> > > (ii) that, . . . are in effect on the date the defendant is sentenced; . . .
>
> > (5) any pertinent policy statement –
> > (A) issued by the Sentencing Commission . . . and
> > (B) that, . . . is in effect on the date the defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

But the Sentencing Guidelines are only "the starting point and the initial benchmark." *Gall v. United States*, 552 U.S. 38, 49 (2007). They "are not the only consideration." *Id.*

A sentencing judge "should . . . consider all of the § 3553(a) factors," and "[i]n so doing, . . . may not presume that the Guidelines range is reasonable." *Id.* at 50. "[I]t is not error for a district court to enter sentencing variances based on factors already taken into account by the Advisory Guidelines, in cases in which the Guidelines do not fully account for those factors, or when a district court applies broader § 3553(a) considerations in granting the variance." *United States v. Ransom*, 756 F.3d 770, 775 (D.C. Cir. 2014) (citation and internal quotation marks omitted). In doing so, "the district court can rely on hearsay as evidence for its findings." *United States v. Miller*, 35 F.4th 807, 818 (D.C. Cir. 2022). *See also United States v. Jones*, 744 F.3d 1362, 1368 (D.C. Cir. 2014) ("Clear precedent permits hearsay to be used in sentencing decisions."). And the sentencing court can consider conduct by a defendant that was not charged or even for which a defendant was acquitted. *See United States v. Settles*, 530 F.3d 920, 923 (D.C. Cir. 2008) ("[L]ong-

standing precedents of the Supreme Court and this Court establish that a sentencing judge may consider uncharged or even acquitted conduct in calculating an appropriate sentence, so long as that conduct has been proven by a preponderance of the evidence and the sentence does not exceed the statutory maximum for the crime of conviction.").

## THE APPLICABLE SENTENCING GUIDELINES

The PSIR estimates Mr. Plummer's Guidelines to be seven years' imprisonment. PSIR at ¶ 77. The Government agrees with this and the remaining Guidelines calculations of supervised release (two to five years). PSIR at ¶ 81. There is no Guidelines fine range. USSG § 2K2.4(d)(1).

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

The Government recommends that the Court sentence Mr. Plummer to a term of incarceration of ten years followed by three years of supervised release. This sentence reflects the serious, violent and repetitive nature of Mr. Plummer's offenses, his criminal history, and provides adequate deterrence to others in the community given the extremely dangerous nature of these type of armed carjackings. At the same time, the requested sentence recognizes that Mr. Plummer has a limited and somewhat dated criminal history, that his criminal conduct in these offenses appears to stem from his serious drug addiction, and that Mr. Plummer appears to be a devoted father.

**I.    The Nature and Circumstances of Mr. Plummer's Offenses.**

The first factor to be considered, the nature and circumstances of the offenses, justify a significant term of incarceration. Mr. Plummer engaged in a spree of dangerous and violent carjackings. And carjackings are particularly dangerous offenses.

As this Court has noted with respect to armed robberies, "[t]he best outcome, if everything

goes as planned during an armed robbery, involves a victim's being placed at risk and feeling terrified for his safety, possibly for years to come, and if things go wrong, someone—or multiple people—could be killed or seriously injured." *United States v. Lee*, 195 F.Supp.3d 120, 129 (D.D.C. 2016) (finding the nature and circumstances weighing heavily in favor of detention in the case of a single armed robbery). But the dangerousness is multiplied when the targeted victim is in or near a mobile conveyance like a vehicle. If a carjacking victim makes the panicked decision to try to flee in their vehicle, they could strike and harm others or themselves.[1] In some cases, the victim becomes tangled or caught by the vehicle in the course of the carjacking, leading to injuries or death.[2] While Mr. Plummer's victims made the choice not to try to run or use their vehicles, if they had, in a panicked decision, Mr. Plummer's actions could have led to significantly more harm.

Mr. Plummer repeatedly carjacked and robbed members of our community at gunpoint over the course of five months. On August 11, 2023, Mr. Plummer preyed on two men sleeping in a vehicle. He took advantage of them, waking them up, while brandishing a firearm. He did not just threaten them with a gun, he struck one of the victims across the head with it, before stealing the vehicle and a cellphone. But this was not a one-off for Mr. Plummer. Two months later, on October 18, 2023, he sat across from a gas station, waiting for his next target. While that victim was pumping gas, Mr. Plummer approached him and pointed a gun at him. Once again, Mr.

---

[1] *See, e.g.*, Cory Smith, *Teen Sentenced to Juvenile Detention for DC Carjacking That Killed Uber Eats Driver*, NBC Washington, https://www.nbcwashington.com/news/local/teen-sentenced-to-juvenile-detention-for-dc-carjacking-that-killed-uber-eats-driver/2721236/ (noting that the victim died when he tried to flee in the targeted vehicle).

[2] *See, e.g.*, Chris Welty, *3 teens plead guilty in brutal carjacking that severed woman's arm, killed her*, WVUE/Gray News, https://www.kktv.com/2023/11/21/3-teens-plead-guilty-brutal-carjacking-that-severed-womans-arm-killed-her/;

Plummer did not just threaten, he acted, striking this new victim across the head with a gun. Mr. Plummer then stole the targeted vehicle along with an iPhone, Airpods, and keys. Two months later, on December 18, 2023, Mr. Plummer and an associate waited for a new victim, staking her out in the parking garage of an apartment building. As this victim was on her way to work, Mr. Plummer and another man approached her, putting a gun to her side and to her head. Mr. Plummer and his associate stole the vehicle, which contained the victim's purse. Mr. Plummer was not content just to steal this woman's vehicle, he decided to also steal her money, proceeding to use her payment cards to hundreds of dollars at multiple different stores.   Mr. Plummer violated this woman's sense of safety and security in her own home and vehicle, and then violated any remaining sense of privacy by using her payment cards.

The violent, premediated, and repetitive conduct in which Mr. Plummer engaged requires a significant sentence.

**II.     Mr. Plummer's History and Characteristics.**

Mr. Plummer's criminal history is somewhat limited and dated.  He only has one adult conviction from an offense in 2013.  As set forth in the PSIR, Mr. Plummer participated in a robbery of dirt bikes in which he struck a victim in the face. That conviction is undoubtedly for a serious offense. But to his credit, Mr. Plummer successfully completed probation in that case and avoided further arrests until the charged offenses.

Based on the PSIR and the Government's investigation, Mr. Plummer appears to have suffered from drug addiction for a significant period of time.  And it appears that these offenses relate to that serious addiction.

Mr. Plummer is a father and the Government does not doubt that he intends to be a

dedicated father. He has not maintained steady employment.

The Government hopes that a sentence of incarceration accompanied by programming will allow Mr. Plummer to return to society with the skills to continue to develop his family and maintain meaningful employment.

**III.     The Need for the Requested Sentence.**

The requested sentence meets the goals of sentencing. The sentence provides specific deterrence: it will keep our community safe from Mr. Plummer for a significant period of time. It provides general deterrence: it will signal to the community that engaging in armed violent carjackings to financially benefit yourself is a deadly serious matter and hopefully deter others from doing so. And it provides an opportunity for Mr. Plummer to reflect on the serious and repetitive nature of his crimes.

At the same time, while a sentence of ten years is a significant sentence, it provides an opportunity for Mr. Plummer to continue drug treatment and rehabilitate. His conduct across multiple armed carjackings is chilling but Mr. Plummer has, since his arrest, taken responsibility for his actions since the earliest opportunity. The requested sentence furthers the interest of justice and leaves Mr. Plummer with the opportunity to correct his mistakes and rejoin society.

## CONCLUSION

For all the foregoing reasons, the Government respectfully recommends a sentence ten years of imprisonment.

Respectfully submitted,

EDWARD R. MARTIN
UNITED STATES ATTORNEY
D.C. Bar No. 481866


*/s/ Cameron A. Tepfer*
Cameron A. Tepfer
D.C. Bar No. 1660476
Assistant United States Attorney
601 D Street NW
Washington, D.C. 20530
202-258-3515
Cameron.Tepfer@usdoj.gov